# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

TEMITOPE OLGESHIN,                    §
                                      §
    *Plaintiff*,                      §
                                      §
v.                                    §    CIVIL ACTION NO.  1:25-CV-225-MJT
                                      §
COMMISSIONER OF SOCIAL                §
SECURITY,                             §
                                      §
    *Defendant*.                      §

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits.  The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge for consideration pursuant to applicable laws and orders of this Court.  The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed.  The Court has considered the report and recommendation filed on June 3, 3036 [dkt. 34], and Plaintiff's objections [dkt. 35].

## DISCUSSION

As an initial matter, Plaintiff's objections exceed the eight-page limit placed on objections to magistrate judge reports under Local Rule CV-72(c).  Plaintiff filed a ten-page document of objections without leave of court.  [Dkt. 34.]  However, due to Plaintiff's *pro se* status and the excess of only two pages, the Court will consider the specific objections made to Judge Stetson's report.

1

Plaintiff's objections mostly re-assert all of the same arguments made in his original brief.[1] He also spends multiple pages discussing other cases he is involved in, in other districts regarding his claims of unlawful incarceration, wrongful conviction, physical abuse, and mail tampering, which are not relevant to his claim of disability.  At the end of his objections, Plaintiff does, however, assert some specific objections as to Judge Stetson's report with regard to his onset date, lack of representation, and lack of medical records which the undersigned will address.

### 1. Onset Date

With regard to his onset date, Plaintiff claims that the date should be March 28, 2019, instead of August 20, 2019.  The Court finds substantial evidence in the record to support an onset of August 20, 2019, as determined by the SSA.  Plaintiff's disability date with the Department of Veterans Affairs is August 20, 2019.  (Tr. 476.)  Plaintiff's internet claim management summary indicates that his online application alleged an onset date of August 20, 2019.  (Tr. 479.)  His application summary, which was done telephonically on August 6, 2020, also indicates an onset date of August 20, 2019.  (Tr. 482.)  Moreover, his earnings records indicate an onset of August 20, 2019, with his last reported income from the U.S. Department of Agriculture in 2019.  (Tr. 484, 490.)  The record does seem to indicate that his last day physically at work was in March 2019.  (Tr. 623.)  However, his medical records also indicate that he sought help at the hospital on March 28, 2019, in order to request leave from his employer under the Family Medical Leave Act (FMLA).  (Tr. 1379.)  On April 15, 2019, his medical records indicate that he "was struggling to

---

[1] The Court finds that Judge Stetson's findings in her Report and Recommendation regarding the medical opinion evidence, Plaintiff's subjective symptoms, and the residual functional capacity are supported by the law and the administrative record, and she properly found that ALJ Barnett's application of the sequential analysis was free from legal error and supported by substantial evidence.

fit into a new job." (Tr. 1821.)  In any event, this 5-month discrepancy is of no consequence since substantial evidence in the record supports an ultimate finding that Plaintiff is not disabled.

### 2. Representation

Plaintiff also asserts in his objections that he was denied representation.  An administrative hearing was scheduled for May 25, 2022; however, on March 22, 2022, and March 25, 2022, counsel for Plaintiff, John Heard, submitted letters to the SSA withdrawing as Plaintiff's representative due to his lack of contact with counsel.  (Tr. 271, 291-292.)  Plaintiff did not appear for his hearing on May 25, 2022, so his hearing was reset for November 18, 2022.  (Tr. 297-304.)  The notice of hearing sent informed Plaintiff of his right to representation.  (Tr. 299, 307-308.)  Plaintiff again did not appear for his hearing.  (Tr 322.)  His hearing was reset for May 23, 2023, via telephone and he was again notified of his right to representation.  (Tr. 326, 329.)

On May 23, 2023, an administrative hearing was held by telephone due to Plaintiff's incarceration.  (Tr. 149-163.)  At that hearing, Plaintiff stated that he was not ready to move forward because he did not have a copy of the file and his representative was not present.  (*Id.*)  ALJ Barnett told him that his representative withdrew and warned him that at the next hearing if he did not have representation, he would be asking him what efforts were made to hire a new one and they would most likely move forward with the hearing even if he did not have representation, and Plaintiff stated, "okay."  (Tr. 158-159.)  His hearing was reset to August 14, 2023, and he was notified in writing of his right to representation.  (Tr. 355, 361-362.)  Plaintiff did not return an acknowledgment for this hearing date, so his hearing was once again reset until October 12, 2023, and he was again provided with the right to representation pamphlet.  (Tr. 386, 392-393.)

3

On October 12, 2023, another administrative hearing was held.  (Tr. 110-117.)  Plaintiff, once again, stated that he did not have his representative present or a copy of the records.  (*Id.*) ALJ Barnett agreed to reschedule the hearing once more for Plaintiff and advised him that the next hearing would go forward even if he did not have a representative present.  (Tr. 116.)  He was reset to February 8, 2024, with a written notice of the hearing and right to representation.  (Tr. 410-417.) For reasons unknown, the hearing was reset to June 6, 2024, and he was provided with the same notices.  (Tr. 459-466.)

On June 6, 2024, the court held a third administrative hearing.  (Tr. 119-147.)  Plaintiff acknowledged that he had received a copy of his file (Exhibits 1A-22F) and confirmed that he reviewed the file but still did not have a representative present.  (Tr. 121-123, 127.)  ALJ Barnett went forward with the hearing.

Contrary to Plaintiff's assertion, there is no constitutional right to counsel at a social security hearing.  *See Brandyburg v. Sullivan,* 959 F.2d 555, 562 (5th Cir.1992).  There is, however, a statutory right to counsel at a social security hearing.  42 U.S.C. § 406; 20 C.F.R. §§ 404.1705, 416.1505.  This right may be waived.  *Norden v. Barnhart,* 77 F. App'x 221, 223 (5th Cir. 2003).  But, even if a claimant does not validly waive the right to counsel, the claimant must show that he "was prejudiced due to the absence of counsel at the hearing."  *Castillo v. Barnhart,* 325 F.3d 550, 552 (5th Cir. 2003).  To establish prejudice, the claimant must show that counsel "could have and would have adduced evidence that might have altered the result." *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir. 1996).

As discussed above, Plaintiff was notified of his right to counsel orally at two hearings and in numerous written notices, which included a two-page publication from the Social Security

4

Administration titled, "Your Right To Representation" that lists what a representative can do, how to choose one, what they may charge, and the fee if there is an appeal.  Although Plaintiff did not expressly waive his right to representation in this case, he also has not brought forth any evidence to demonstrate that the decision might be different had he been represented by counsel at the hearing. As discussed more fully below, the ALJ fully developed the record ordering all of the requested records by Plaintiff, along with ordering consultative medical exams, and thoroughly questioned Plaintiff regarding his background, medical history, past relevant work, and impairments.  The record in this case contains 3,440 pages, most of which are medical records. Plaintiff's own conjecture and unsupported assertions are insufficient to show he was prejudiced by the absence of counsel at the hearing. Without clear evidence or a proffer from Plaintiff as to what evidence might have been adduced by an attorney, the Court finds that the plaintiff has failed to meet his burden under this argument.  *See Theodore M. v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-0790-M-BT, 2019 WL 4720975, at *3 (N.D. Tex. Aug. 30, 2019), *R. & R. adopted*, 2019 WL 4688999 (N.D. Tex. Sept. 26, 2019) ("By extensively questioning Plaintiff at the administrative hearing and providing Plaintiff the opportunity to supplement the record with additional medical evidence, the ALJ satisfied his duty to adequately develop the record.").  The Court finds that Plaintiff does not have an unlimited right to delay adjudication. After repeated advisements and continuances, the ALJ reasonably determined that good cause for an additional postponement had not been shown and proceeded with the hearing while fully developing the record.

### 3.  Medical Records

Plaintiff re-asserts that he is entitled to a supplemental hearing due to medical records received after the administrative hearing.  The list of records includes exhibits 1A-4A; 1B-41B; 1D-38D; 1E-24E; and 23F-24F.  However, records 1A-22F were sent to Plaintiff prior to the hearing and he admitted at the hearing to receiving them prior to the hearing.  (Tr. 123.)  He stated that he received over 5,000 pages.  (*Id.*)  The entire record before the court is 3,440 pages.  Later during the hearing, Plaintiff states that he only received records 1F-22F; however, 1F-22F contains only 2,582 pages.  (Tr. 799-3381.)  More to the point, ALJ Barnett commented at the hearing that section F was the largest section that contained all of the medical records.[2]  (Tr. 145.)  Therefore, the only missing medical records, as discussed by Judge Stetson, were Exhibits 23F and 24F.  Exhibit 23F contains University Health San Antonio medical records (while Plaintiff was incarcerated), and Exhibit 24F is a one-page record from University Health Galveston that states there are no patient records.  (Tr. 3382-3440.)  The date range requested for Exhibit 23F was January 1, 2019 through June 7, 2024.  (Tr. 3382.)  Plaintiff's disability period is 2019 to 2021, and the records received are mostly from 2022. (*Id.*)  The few records from 2021 discuss his hypertension, his refusal to have his blood pressure or temperature taken, and negative covid tests.  (Tr. 3414-3428.)  Thus, any error in the ALJ failing to grant Plaintiff a supplemental hearing due to these records was not prejudicial. Further, Plaintiff failed to proffer any evidence that would have been adduced during a supplemental hearing that would have led to a different result in this case. *See Lindsey v. Comm'r of Soc. Sec.*, No. 2:08-CV-233, 2009 WL 4738168, at *6-7 (N.D. Miss. Dec. 4, 2009) (declining to find reversible error in denying a supplemental hearing where no

---

[2] The other Exhibits contain administrative records, such as earnings records, forms filled out by Plaintiff, and correspondence between the SSA and Plaintiff.

prejudice was shown and medical evidence at issue concerned a period after claimant's date last insured).

## CONCLUSION

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes that the objections are without merit because the magistrate judge properly found that ALJ Barnett's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 30th day of June, 2026.**

Michael J. Truncale
United States District Judge